West *vs.* The State of Georgia.

CHARLES WEST, *alias* LOUIS JOHNS, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

According to the decision in *Johnson vs. The State*, rendered at the January term, 1873, where the indictment is for arson, in burning an occupied dwelling house, other than in a city, town or village, and the jury render a verdict of guilty, with a recommendation to the mercy of the Court, such a verdict is uncertain and illegal, and should be set aside. A verdict in such cases, where the defendant is convicted, should be a general verdict of guilty, or guilty, with a recommendation that he be confined in the penitentiary for life. The jury may, in all capital cases except for murder, recommend the commutation, whether the conviction is or is not founded solely on circumstantial testimony.

Criminal law. Verdict. Recommendation to mercy. Before Judge CLARK. Sumter Superior Court. October Adjourned Term, 1872.

West, *alias* Johns, was placed upon trial for the offense of arson, alleged to have been committed on the 3d day of August, in the year 1872, on an occupied dwelling house, not in a city, town or village. The defendant pleaded not guilty. The jury found the defendant guilty, and recommended him to the mercy of the Court. The Court sentenced him to be hung. To which judgment the defendant excepted, insisting that it could not be supported by the verdict.

W. A. HAWKINS, for plaintiff in error.

C. F. CRISP, Solicitor General, by PHIL. COOK, for the State.

TRIPPE, Judge.

This case is controlled by the two cases, *John R. Johnson vs. The State*, and *Allen Stallings vs. The State*, both decided at the January term, 1873. Each of those cases, as well as this, was a conviction on an indictment for arson, the burning of an occupied dwelling house. The verdicts in all three were guilty, with a recommendation to the mercy of the Court.

In *Johnson vs. The State*, it was held that such a verdict, in such a case, was an illegal verdict.   In *Stallings vs. The State* it was held, that under the Act of 13th December, 1866, Revised Code, section 4311, a jury could, in such cases, recommend the commutation of the death penalty to imprisonment in the penitentiary for life, and applied the rule to all capital offenses, except murder, without reference to the character of the testimony, whether or not it was circumstantial.

This case falls within the rule held in *Johnson vs. The State*, and without repeating again what was said during the present year, in both of those cases, we pronounce that the Court erred in sentencing the defendant to be hung, under the verdict that was rendered.

In all such verdicts the Court should, before finally receiving them, cause the jury to correct them, so as to be in conformity with the law, either by amending the recommendation or by striking it out.   And to this end, they, the juries, should be fully instructed as to what their power is in such cases.

Judgment reversed.